WILENTZ, GOLDMAN & SPITZER (MB 7897)
A Professional Corporation
90 Woodbridge Center Drive
Woodbridge, New Jersey  07095-0958
(732) 855-6034
Attorneys for Defendant Iron Mountain Information Management

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ------------------------------------------------------- X | | |
| JOYCE FUSELLA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. _____ |
| | : | |
| v. | : | |
| | : | **NOTICE OF REMOVAL** |
| IRON MOUNTAIN INFORMATION | : | |
| MANAGEMENT, JOHN DOES 1-10 (said | : | |
| names being fictitious) and, ABC | : | |
| CORPORATIONS 1-10 (said corporation being | : | |
| fictitious), | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------- X | | |

**TO:  THE CLERK AND JUDGES OF THE UNITED STATES DISTRICT
COURT, DISTRICT OF NEW JERSEY:**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, defendant, Iron Mountain

Information Management ("defendant"), through its undersigned attorneys, hereby files

this Notice of Removal of this action to the United States District Court for the District of

New Jersey, Newark, New Jersey, from the Superior Court of New Jersey, Law Division,

Middlesex County, and respectfully represents and states as follows:

#2636331

## THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED

1.  Plaintiff filed the Complaint in this matter in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4827-05, on or about June 29, 2005.

2.  The Defendant was forwarded a courtesy copy of the Complaint by letter dated July 8, 2005.

3.  This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is being filed within thirty days after the receipt by Defendant of the Complaint.  In fact, it is being filed within thirty (30) days of the filing of the Complaint.

4.  True and correct copies of all process, pleadings, and orders in this action received by defendant to date are being filed with this Notice as Exhibit A.

5.  Defendant bases this Notice of Removal on 28 U.S.C. § 1441(a), which allows the removal of any state court civil action over which the District Courts of the United States have original jurisdiction.

## NATURE OF CLAIMS AGAINST DEFENDANT

6.  Plaintiff has alleged five causes of action against defendant arising from the termination of her employment with defendant: (1) First Count:  Unlawful termination as a result of disability discrimination against plaintiff, in violation of

#2636331                                                         2

the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq. ("LAD");
(2) Second Count:  Unlawful discrimination based upon defendant's failure to
accommodate plaintiff's disability in violation of the LAD; (3) Third Count:
Illegal discrimination under the LAD for a perceived handicap; (4) Fourth Count:
Violation of the  federal "Family and Medical Leave Act 29 U.S.C. § 2601, et
seq."; and (5)  Fifth Count:  Allegations against fictitious entities and persons,
ABC Corporations 1-10 and John Does 1-20, for all of the above, including
violations of the federal "Family and Medical Leave Act 29 U.S.C. § 2601, et
seq."

### JURISDICTION:  FEDERAL QUESTION AND DIVERSITY OF CITIZENSHIP

7.  This Court has original jurisdiction over this action under 28 U.S.C. § 1331, as
    plaintiff pleads a claim arising under the Family and Medical Leave Act, 28
    U.S.C. § 2601 et seq., a law of the United States, thus creating federal question
    jurisdiction.

8.  In addition, this Court has original jurisdiction over this action under 28 U.S.C.
    § 1332 because there is complete diversity of citizenship between the parties and
    the amount in controversy exceeds $75,000.

9.  According to the Complaint, Plaintiff is a citizen of New Jersey. (Complaint ¶ 1).
    Defendant Iron Mountain Information Management is a Delaware corporation.
    Its principal places of business are in Massachusetts and/or Pennsylvania. [The

fictitious parties are not identified, other than as ABC Corporations 1-10 and John Does 1-20].

10. Moreover, plaintiff's Complaint demonstrates that this action involves an amount in controversy above the $75,000 required for a federal court to have original jurisdiction under 28 U.S.C. § 1332(a). The Complaint seeks (a) "full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; and (f) for any other relief as the Court may deem equitable and just." (Complaint, Wherefore Clauses, p.p. 3, 4, 5, 6, and 7). Therefore, the allegations of the Complaint demonstrate that the alleged amount in controversy exceeds $75,000.[1]

## RIGHT TO AMEND

11. Defendant reserves the right to amend or supplement this Notice of Removal.

## NOTICE TO ALL PARTIES

12. In accordance with 28 U.S.C. § 1446(d), upon filing this Notice of Removal in the Office of the Clerk of the United States District Court for the District of New

---

[1]      The District Court should determine whether the value of a claim exceeds $75,000 in cases where the complaint does not explicitly state an amount in controversy. *Penn v. Wal-Mart Stores, Inc.,* 116 F. Supp. 2d 557, 561 (D. N.J. 2000). The amount in controversy should be determined from the complaint, and "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.,* 989 F.2d 142, 146 (3d Cir. 1993). Furthermore, it is proper for the court to consider punitive damages when making this determination. *Garcia v. General Motors Corp., Inc.* 910 F. Supp 160, 165 (D. N.J 1995).

#2636331                                              4

Jersey, defendant is serving written Notice of the removal upon counsel for

plaintiff and filing copies of this Notice with the Clerk of the Superior Court of

New Jersey, Law Division, Middlesex County.

WHEREFORE, Defendant Iron Mountain Information Management respectfully

requests that the above-captioned action be removed from the Superior Court of New

Jersey, Law Division, Middlesex County to this Court.

Dated: July 28, 2005

Respectfully Submitted,

WILENTZ, GOLDMAN & SPITZER P.A.
90 Woodbridge Center Drive
Woodbridge, NJ 07095
(732) 855-6034

By: _____
MAUREEN S. BINETTI, ESQ. (MB 7897)

*Attorneys for Defendant Iron Mountain*
*Information Management*

#2636331                                      5

# EXHIBIT A

**CAHN & PARRA, LLC**
**1015 New Durham Road**
**Edison, New Jersey 08817**
**(732) 650-0444**
**Attorney for Plaintiff(s)**

---

| | |
|---|---|
| JOYCE FUSELLA | : SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | : MIDDLESEX COUNTY |
| | |
| vs. | : DOCKET NO. |
| | L-4827-05 |
| | : CIVIL ACTION |
| | |
| IRON MOUNTAIN INFORMAT-: | |
| MANAGEMENT, JOHN DOES | |
| 1-10 (said names being fictitious) : | |
| and ABC CORPORATIONS 1-10: | |
| (said corporations being fictitious) : | |

FILED & RECEIVED

05 JUN 29 AM 9: 03

|  | : **COMPLAINT, JURY DEMAND,** |
|---|---|
| Defendants. | **DESIGNATION OF TRIAL COUNSEL** |
| : | |

---

Plaintiff, Joyce Fusella, residing at 105 Booream Avenue, Borough of Milltown, County of Middlesex and State of New Jersey, by way of Complaint against the defendants, says:

## FIRST COUNT

1. Plaintiff, Joyce Fusella, was employed by the defendants, Iron Mountain Information Management, in the Township of East Brunswick, County of Middlesex, State of New Jersey as a Customer Service Representative.

2. Plaintiff was first employed by the defendants on or about July 8, 2002 and worked continually for the defendants until the date of her discharge, on or about March 1, 2005.

3. The plaintiff is a 45-year-old woman with medical problems including but not limited to heart problems at the time of her termination.

4. As a result of complications from the plaintiff's medical condition and/or disability, she was required to stay home from work on a period of disability and family medical leave in January of 2005. During the period of time the plaintiff was out on disability and/or family medical leave, she had a cardiac catheterization procedure performed. Plaintiff returned to work fulltime with defendants on or about January 20, 2005. Upon her return to work, the plaintiff advised the defendants of her medical condition and the need for future medical treatment.

5. On or about January 21, 2005 the plaintiff was advised by her employer that her position was to be eliminated and that her last day of employment would be on or about March 1, 2005.

6. The defendants wrongfully and unlawfully and in direct violation of the New Jersey Law Against Discrimination terminated the plaintiff from her position as a Customer Service Representative with defendant's company. The plaintiff, Joyce Fusella, was at all times relevant hereto physically handicapped and disabled. The plaintiff's termination was motivated by and was a direct result of unlawful discrimination on the part of the defendants in that they discriminated against and/or terminated the plaintiff based upon her disabilities. The defendants have unlawfully discriminated against the plaintiff with regard to her employment based on her disabilities and have unlawfully terminated the plaintiff in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

7. As a direct and proximate result of the wrongful and unlawful conduct on the part of the defendants, the plaintiff has suffered damages including but not limited to economic damages, loss of income, loss of employment benefits, severe emotional distress and/or other damages.

WHEREFORE, the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) for any other relief as the Court may deem equitable and just.

## SECOND COUNT

1. Plaintiff repeats and reiterates each and every allegation of the First Count and incorporates same as if fully set forth herein at length.

2. The plaintiff, Joyce Fusella, is fully capable of working and complying with all of the legitimate job expectations of her employers, Iron Mountain Information Management either with or without reasonable accommodations, as a Customer Service Representative and/or other positions within the company.

3.       Defendants have unlawfully discriminated against the plaintiff in that they failed to reasonably accommodate the plaintiff's medical disability and/or handicap.  This conduct is in violation of N.J.S.A. 10:5-1 et seq.

WHEREFORE the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) for any other relief as the Court may deem equitable and just.

## THIRD COUNT

1. Plaintiff repeats and reiterates each and every allegation of the First and Second Count and incorporates same as if fully set forth herein at length.

2. The plaintiff, Joyce Fusella, is fully capable of working and complying with all of the legitimate job expectations of her employers, Iron Mountain Information Management, as a Customer Service Representative and/or other positions within the company.

3. The defendants have unlawfully discriminated against the plaintiff with regard to her employment because the defendants have improperly perceived that the plaintiff was handicapped and/or disabled in violation of N.J.S.A. 10:5-1 et seq.

WHEREFORE the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) for any other relief as the Court may deem equitable and just.

## FOURTH COUNT

1. Plaintiff repeats and reiterates each and every allegation of the First, Second and Third Counts and incorporates same as if fully set forth herein at length.

2. The defendants' actions in terminating the plaintiff's employment were unlawful, wrongful and were an interference with and/or in retaliation for the plaintiff exercising her rights to take family and medical leave pursuant to the Family and Medical Leave Act 29 USC §2601 et seq.

WHEREFORE the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) for any other relief as the Court may deem equitable and just.

### FIFTH COUNT

1. Plaintiff repeats and reiterates each and every allegation of the First, Second, Third, and Fourth Count and incorporates same as if fully set forth herein at length.

2. Defendants ABC Corporations 1-10 are to date unknown and/or undiscovered entities including both private organizations as well any public or quasi-public bodies and/or organizations yet to be discerned who were employees of the plaintiff.

3. Defendants John Does 1-20 are to date unknown and/or undiscovered individuals including both private organizations as well any public or quasi-public bodies and/or organizations yet to be discerned who were employees of the defendant.

4. ABC Corporations 1-10 and John Does 1-20, through their agents, servants and/or employees did act to intentionally harm the plaintiff, Joyce Fusella, by wrongfully terminating her employment with the defendant Iron Mountain Information Management, in violation of the Law Against Discrimination, N.J.S.A. 10:5-1, et seq. and/or the Family and Medical Leave Act 29 USC §2601 et seq.

WHEREFORE the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional

stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) for any other relief as the Court may deem equitable and just.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

STEVEN D. CAHN, Esquire, is hereby designated as trial counsel for the Plaintiff in the within matter.

### CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceedings, now or contemplated.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CAHN & PARRA**
Attorney for Plaintiff(s)

Date: June 27, 2005

STEVEN D. CAHN, ESQ.

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | |
| --- | --- |
| PAYMENT TYPE: | CK CG CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Steven D. Cahn | (732) 650-0444 | MIDDLESEX |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| Cahn + Parra | L-4827-05 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 1015 New Durham Road | COMPLAINT |
| Edison, New Jersey 08817 | JURY DEMAND   [X] YES   [ ] NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Joyce Fusella | Joyce Fusella v. Iron Mountain Information Management |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE?   [ ] YES   [ ] NO |
| --- | --- |
| 618 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?   [ ] YES   [X] NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   [ ] YES   [X] NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   [ ] NONE   [X] UNKNOWN |
| --- | --- |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   [X] YES   [ ] NO | IF YES, IS THAT RELATIONSHIP | [X] EMPLOYER-EMPLOYEE   [ ] FRIEND/NEIGHBOR   [ ] OTHER (explain) [ ] FAMILIAL   [ ] BUSINESS |
| --- | --- | --- |

| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   [ ] YES   [X] NO | |
| --- | --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| [ ] DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   [ ] YES   [X] NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |
| WILL AN INTERPRETER BE NEEDED?   [ ] YES   [X] NO | IF YES, FOR WHAT LANGUAGE: |

| ATTORNEY SIGNATURE |
| --- |
| STEVEN D. CAHN |

Revised effective 4/1/05